Filed 1/23/25  P. v. Allen CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>CHRISTOPHER DAVID ALLEN,<br><br>     Defendant and Appellant. | G063941, G063944<br><br>(Super. Ct. Nos. 21CF0546, 21CF1768)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Julian W. Bailey, Judge. Reversed and remanded.

Brad J. Poore, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier, and Kathryn Kirschbaum, Deputy Attorneys General, for Plaintiff and Respondent.

THE COURT:*

In this consolidated appeal, defendant Christopher David Allen seeks reversal and resentencing. The People concede error but assert the sentencing hearing error was forfeited or, alternatively, harmless. We reverse and remand for a new sentencing hearing.

FACTS

In 2021, two felony complaints were filed against Allen based on alleged conduct occurring in February 2021 (case No. 21CF0546) and June 2021 (case No. 21CF1768) respectively.

In June 2022, Allen pleaded guilty to all charged counts against him. In case No. 21CF0546, Allen pleaded guilty to forgery of a driver's license (Pen. Code, § 470a),[1] identify theft (§ 530.5, subd. (c)(2)), and check fraud (§ 476). In case No. 21CF1768, Allen pleaded guilty to three counts of identity theft (§ 530.5, subd. (c)(2)), two counts of acquiring access card information (§ 484e, subd. (d)), possession of a completed check with intent to defraud (§ 475, subd. (c)), receipt of stolen property (§ 496, subd. (a)), possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)), and possession of paraphernalia (Health & Saf. Code, § 11364, subd. (a)).

During the plea colloquy, Allen testified he had reviewed the written guilty plea advisement and waiver of rights forms for each case with his attorney, and that he signed and initialed those forms.

The handwritten factual basis for the guilty plea in each guilty plea advisement and waiver of rights form was terse. For instance, in case No. 21CF1768, Allen wrote that "on 6-11-21, I obtained the personal ID

---

*Before O'Leary, P. J., Moore, J., and Sanchez, J.

[1] All statutory references are to the Penal Code unless otherwise stated.

2

information of another, possessed a check belonging to another, received stolen property, possessed a [controlled substance], and [controlled substance] paraphernalia."

Allen initialed his agreement to several pertinent items; "8. Jury Trial Rights: I understand I have the right to a speedy and public trial by a jury. I waive and give up these rights." "15. Appeal Waiver: I understand I have the right to appeal from decisions and orders of the Superior Court. . . . I waive and give up my right to appeal from my guilty plea. I waive and give up my right to appeal from any legally authorized sentence the court imposes which is within the terms and limits of this plea agreement."

Allen, however, did not initial an item waiving any "right to a jury or court trial as to certain factors that can be used to increase [his] sentence on any count, sentencing enhancement, or allegation, to the upper or maximum term provided by law" which waiver would have applied "to any future sentence imposed following a probation revocation." Rather, an "X" was placed next to this entry, indicating its inapplicability to the guilty plea.

During the plea colloquy, Allen indicated his understanding that the maximum possible sentence was three years for case No. 21CF0546 and 4 years 4 months for case No. 21CF1768. After the guilty plea was entered, the court suspended imposition of sentence and placed Allen on two years formal probation.

In January 2024 (i.e., well before the two-year term of formal probation had expired), the court held a contested hearing regarding whether Allen had once again violated the terms of probation by failing to appear for scheduled appointments with the probation officer. Allen testified he "was not even aware that [he] was still on probation because when [he] left [jail] on [June 29, 2023, he] was under the impression that all [he] had was informal

3

probation; that's all the information [he] was given twice by [his attorney]." The court disbelieved Allen's testimony and found "by a preponderance of the evidence that [Allen] violated probation in both 21CF1768 and 21CF0546 . . . ." The court revoked probation and scheduled a sentencing hearing.

The next month, the court sentenced Allen to a total of 4 years 10 months in county jail. The sentence in case No 21CF1768 consisted of: (1) the upper term of three years on count 1, identify theft (see §§ 530.5, subd. (c)(2), 1170, subd. (h)(1) [triad of 16 months, two years, or three years]); (2) eight months consecutive (one-third of the middle term) on count 3, identity theft; and (3) six months consecutive on count 9, possession of paraphernalia. The sentence in case No. 21CF0546 consisted of eight months consecutive on count 1, forgery of a driver's license. Punishment on all remaining counts was stayed. (§ 654, subd. (a).)[2] Credits of 788 days were awarded against the sentence.

In sentencing Allen, the court emphasized a rap sheet spanning back to 1990 in Texas and continuing forward to the present day.

The trial court stated, "I don't believe he is a candidate for further time on probation so I'm going to impose sentence. And in making my decision I consider California Rules of Court[, rule 4.421(a),] the [manner] in

---

[2] We note that it appears the court erred by failing to impose sentence on these counts before staying execution pursuant to section 654. (See *People v. Mani* (2022) 74 Cal.App.5th 343, 380 ["When a court determines that a conviction falls within the meaning of Penal Code section 654, it is necessary to *impose* sentence and to stay the *execution* of the duplicative sentence"].) This issue was not raised in this appeal, but it may be addressed at the resentencing upon remand.

4

which the crime was carried out indicates planning and sophistication as he appears to have gone to great lengths to obtain fraudulent identification . . . ."

"At the time of the offense . . . defendant was on mandatory supervision in [other cases]. And under [California Rules of Court, rule 4.421(b)], his prior performance on mandatory supervision certainly was unsatisfactory, and his prior probation performance is shown to be not [without] violations."

"The more serious case, I think, is 21CF1768, and that is another crime that was carried out with planning and sophistication, and it appears the defendant knew how to and then did go to great lengths to defraud unsuspecting victims. And under [rule 4.421(a)], I consider that an aggravating factor in the crime, but it also involved multiple victims in that case. Same with regard to the defendant's prior convictions."

"I'm aware of my options here; that I could put the defendant back on probation. I could impose the low term. I could impose the midterm. And in finding the circumstances in aggravation are so numerous and the circumstances surrounding the defendant are aggravating to the extent that it is inappropriate, in my opinion, to impose the midterm."

## DISCUSSION

Allen's contention on appeal is that the court erred by imposing the upper term of three years for count 1 (identity theft) in case No. 21CF1768, based on an improper consideration of factors not admitted by Allen or not found to be true beyond a reasonable doubt by a jury (or by a judge upon waiver of the right to a jury trial on such findings).

Since January 1, 2022, selection of the upper term at sentencing is disfavored by the Penal Code. (Stats 2021, ch. 731, § 1.) "When a judgment of imprisonment is to be imposed and the statute specifies three possible

terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2)." (§ 1170, subd. (b)(1).)

"The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).) "Notwithstanding paragraphs (1) and (2), the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (*Id.*, subd. (b)(3).)

Relatedly, in a line of cases beginning with *Apprendi v. New Jersey* (2000) 530 U.S. 466 and culminating (for now) with *Erlinger v. United States* (2024) 602 U.S. 821 (*Erlinger*), the United States Supreme Court prohibited courts from increasing criminal punishment based on findings not made by a jury (or, if a jury was waived, by the court as a factfinder), other than the bare fact of a prior criminal conviction.

In the respondent's brief, the People concede error: "Here, it appears that the trial court relied erroneously on aggravating factors not found by a jury or stipulated to by defendant. [Citation.] The record shows that appellant did not waive his right to a jury trial on the factors in aggravation. Under *Erlinger* and amended section 1170, subdivision (b), unless appellant admitted to such aggravating facts or they were found true during a jury or court trial, sentencing based on facts beyond the conviction

6

alone is unconstitutional. Thus, it appears the trial court erred in relying on factors in aggravation not found true by a jury or admitted by appellant."

We agree with the People's concession. (See *People v. Lynch* (2024) 16 Cal.5th 730, 742–743 [reversing for a new sentencing hearing under amended § 1170] (*Lynch*).) The court erred by imposing an upper term sentence based on factors other than prior convictions or facts stipulated by Allen, i.e., the perceived sophistication and planning that went into the crimes. (See Cal. Rules of Court, rule 4.421(a)(8) ["The manner in which the crime was carried out indicates planning, sophistication, or professionalism"].)[3]

Notwithstanding the concession of error, the People seek affirmance of the judgment. First, they claim any error has been forfeited. Statutory jury trial rights may be forfeited, but constitutional jury trial rights can only be expressly waived. (*People v. French* (2008) 43 Cal.4th 36, 46–48.) The People cite *People v. Anderson* (2023) 88 Cal.App.5th 233, 241–242, in support of their argument that Allen forfeited his rights in this case. But in *Anderson* (a case in which the appellant had been resentenced more favorably upon the recommendation of the Department of Corrections after years in prison), "not only did Anderson fail to object to the court's imposition of the upper term, but also it was Anderson's counsel who repeatedly suggested the court sentence Anderson to the upper term on count 3." (*Id.* at

---

[3] Allen partly waived his right to appeal, but he did not waive his right to appeal an illegal sentence. And Allen specifically rejected a waiver of any potential rights to jury determination of sentencing factors. There is no argument from the People that Allen has waived his right to a jury trial of aggravating sentencing factors. (See *Lynch*, *supra*, 16 Cal.5th at p. 769 [declining to "address the conditions applicable to waiver and stipulation" because such a waiver or stipulation were not present in the facts].)

7

p. 242.) Here, Allen's counsel did not advocate for imposition of an upper-term sentence—quite the contrary. And though the point could have been made more clearly, Allen's counsel directed the court's attention to Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731), the source of the amendments to § 1170, subd. (b), prior to the imposition of the upper term sentence. Without parsing the question of whether *Anderson* was a waiver case rather than a forfeiture case (or indeed, whether *Anderson* was correctly decided), we decline to find forfeiture under the facts presented here.

We also reject the People's assertion that the error was harmless beyond a reasonable doubt. (See *Lynch, supra,* 16 Cal.5th at pp. 742–743 [establishing harmless error standard in this circumstance; stricter standard applies because the error pertains to the constitutional right to a jury trial].) An appellant is entitled to resentencing if the reviewing court cannot determine "that a jury would have found true all of the aggravating facts relied upon by the trial court to justify an upper term sentence, or that those facts were otherwise proved true in compliance with the current statutory requirements." (*Id.* at p. 768.)

As set forth above, the court cited multiple aggravating circumstances, including the perceived sophistication and planning that went into the crimes. The bland and conclusory factual basis for Allen's guilty plea hardly amounts to an admission of sophistication and planning. It is true that Allen's lengthy criminal history (including the charges to which he pled guilty in these two cases) tend to support the conclusion that the identity theft count at issue was the result of sophistication and planning, as opposed to an impulsive act by a neophyte. But we are unwilling to conclude (applying the beyond a reasonable doubt standard of harmless error) that a jury would have found that the identity theft count for which appellant was sentenced to

8

the upper term was the product of planning, sophistication, or professionalism.

## DISPOSITION

The judgment is reversed and the matter is remanded for resentencing.

Citing a concern that he may serve "dead time" if a resentencing hearing results in a reduced sentence, Allen moved to expedite this appeal. The court granted the motion and issued this opinion promptly after the matter was fully briefed.

In the ordinary course, this decision will be final 30 days after the opinion is filed. (Cal. Rules of Court, rule 8.366(b)(1).) The clerk of this court would ordinarily issue the remittitur after the time expires for the Supreme Court to grant review. (Cal. Rules of Court, rule 8.272(b).) This court can grant early finality and direct immediate issuance of the remittitur only upon stipulation of the parties. (Cal. Rules of Court, rule 8.272(c)(1).)